700 P.2d 25

**Faustino GOICOECHEA,
Claimant-Appellant,**

v.

**BLINCOE'S MAGIC VALLEY PACKING COMPANY, Employer, and General Insurance Company of America, Surety, Defendants-Respondents.**

No. 15199.

Supreme Court of Idaho.

April 24, 1985.

Keith A. Zollinger, of McDermott, McDermott, Zollinger & Box, Pocatello, for claimant-appellant.

Alan R. Gardner, of Imhoff & Lynch, Boise, for defendants-respondents.

BAKES, Justice.

Claimant appeals the decision of the Industrial Commission that claimant has a permanent partial disability of 35% of the whole man. We affirm the Industrial Commission.

Claimant immigrated from Spain in 1957. At the time of the hearing he was approximately 53 years old and had little or no English language skills. In the United States, claimant initially worked as a sheep ranch laborer, but in 1974 began work with employer, a meat packing plant.

In January, 1980, claimant sustained a chest injury in the course of his employment. The injury consisted of torn muscles and cartilage in his chest and rib area. During the course of treatment the area became infected, resulting in three separate surgeries to resection several ribs and remove cartilage. As a result of the injury and complications, the claimant now has a "flail", a structurally unsupported area in his chest and ribs. No further surgery has been performed to correct the defect because of the possibility of additional infection. The employer's surety paid all medical costs and temporary disability payments. Claimant returned to work for the employer and was still working as of the date of the hearing.

A hearing was held before the Industrial Commission to determine the degree of permanent partial disability. Several witnesses testified at that time. The testimony of Dr. Newcomb, the treating physician, and Dr. Metz, an examining physician for purposes of the hearing, was subsequently introduced by deposition. In addition to other evidence, two letters of Dr. Newcomb and a film demonstrating the work required of claimant by employer were also included in evidence. The Industrial Commission determined that claimant's permanent partial disability was 35% of the whole man.

Claimant has appealed the Industrial Commission's finding of a 35% disability, arguing as follows: (1) Dr. Newcomb testified that claimant had a 60% impairment, and since no other evidence specifically assigned a lower percentage of impairment the commission may not disregard Dr. Newcomb's testimony; (2) the disability rating (medical plus non-medical factors) must be equal to or higher than the impairment rating (medical factors only); and therefore, (3) the commission's 35% disability rating was not supported by substantial competent evidence.

We are unpersuaded that the Industrial Commission erred in its findings. The evidence shows that Dr. Newcomb's opinion was impeached by his own prior records. In one letter Dr. Newcomb stated that "in the long run [claimant] will end up with a partial impairment of the chest wall, which in my opinion results in about 5%

permanent impairment of the entire person." In a subsequent letter, it appeared that Dr. Newcomb was including in his medical evaluation non-medical factors, such as the type of occupation and education of claimant, in concluding that claimant suffered a 60% "disability." Although claimant attempted to counter these inconsistencies with redirect testimony and other arguments, including the alleged inadmissibility of one of the letters, we conclude that the letter was admissible and it was within the commission's authority to determine the weight of the evidence. In addition, although Dr. Metz declined to assign a specific percentage to claimant's impairment, he did testify that claimant's impairment was not comparable to the loss of an arm at the shoulder joint, of which a 60% impairment would be the equivalent. There was also other evidence which supported the commission's finding. Accordingly, Dr. Newcomb's testimony was not "uncontradicted" or "unimpeached," and the commission was not bound by it. *See Pierstorff v. Gray's Auto Shop*, 58 Idaho 438, 447–48, 74 P.2d 171, 175 (1937).

We conclude that the record supports the commission's factual determination that claimant's partial permanent disability was 35% of the whole man. *See* Idaho Const. art. 5, § 9; I.C. § 72-732; *Graham v. Larry Donohoe Logging Co.*, 103 Idaho 824, 654 P.2d 1377 (1982).

Affirmed. Costs to respondent. No attorney fees on appeal.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.